VICTORINO DLG. TORRES, Esq.
MATTHEW J. HOLLEY, Esq.
**PACIFIC LEGAL TEAM, PC**
Suite DNA Bldg., 238 Archbishop
Flores Street, Hagatña
Guam 96910
*Tel. No.: (671)989-3279*
*e-mail add: pacificlegalteam@gmail.com*

*Attorneys for Plaintiff*

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| ANGELINE SABLAN, | CIVIL ACTION NO. <u>19-00138</u> |
| **Plaintiff,** | |
| v. | |
| CORE TECH RESORT, LLC. doing business as BAYVIEW HOTEL AND OCEANVIEW HOTEL AND RESIDENCES, | **COMPLAINT** |
| **Defendant.** | |

Plaintiff Angeline Sablan, by and through her attorneys, Victorino DLG. Torres and Matthew J. Holley, hereby alleges as follows:

### JURISDICTION AND JURY DEMAND

1. Plaintiff Angeline Sablan is, at the time of filing of this complaint, a United States citizen and a resident of the Commonwealth of the Northern Mariana Islands ("CNMI"), while Defendant Core Tech Resort, LLC. doing business as Bayview Hotel and Oceanview Hotel and Residences is a corporation with its principal place of business located in the territory of Guam. Thus, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). Defendant is not a citizen of the CNMI and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. The factual and jurisdictional grounds upon which Plaintiff's claims are premised entitle Plaintiff to a trial by jury. Plaintiff hereby demands a trial by jury.

**VENUE**

3. Venue is proper under 28 U.S.C. §1391(b), (c), and (d).

4. Plaintiff Angeline Sablan ("Plaintiff" or "Sablan") is, at the time of filing of this complaint, a United States citizen and a resident of Saipan, CNMI.

5. Defendant Core Tech Resort, LLC. doing business as Bayview Hotel & Oceanview Hotel & Residences ("Oceanview" or "Defendant") is a corporation organized pursuant to the laws of the Territory of Guam and whose principle place of business is located in the Territory of Guam which, at all times relevant to this complaint, transacted business within the Territory of Guam.

**FACTS**

6. On or about July 16, 2018, Plaintiff was an in-house guest of Defendant's hotel, located in Tamuning, Guam.

7. On that day at approximately 4:00 in the morning, Plaintiff was on her way to the Defendant's counter to check out when she slipped and fell on a wet and slippery floor at the Defendant's lobby area (hereinafter referred to as "Premises").

8. The area where Plaintiff slipped and fell was owned, controlled, maintained and/or operated by the Defendant.

9. There was no protective carpet where Plaintiff fell.

10. There were no signs or adequate signs to warn its customers, invitees or guests of the danger that a slippery floor posed.

11. Plaintiff suffered serious personal injuries which required hospitalization under the care of professional medical staff.

## CAUSE OF ACTION

## (NEGLIGENCE)

12. Plaintiff incorporates by reference paragraphs 1 through 11 above as fully set forth herein.
13. The Defendant had a duty to Plaintiff as a customer, guest or an invitee, to reasonably and prudently maintain the Premises and floor in a safe condition.
14. The Defendant knew or by the exercise of reasonable care should have discovered the dangerous condition regarding its wet floor, and should have realized that it created an unreasonable risk of harm to customers, guests or invitees, such as Plaintiff.
15. The Defendant failed in its duty to exercise reasonable care to maintain the Premises and floor in a safe condition.
16. The Defendant failed in its duty to reasonably and prudently maintain the Premises and conditions that are within its exclusive control where Plaintiff fell.
17. The Defendant has a duty to reasonably and prudently maintain the Premises and floor in a safe condition. Defendant failed in that duty to maintain the floor in a safe condition as follows:
    a. Failed to properly ensure that the floor had no water on it and was safe to walk upon;
    b. Failed to provide proper protective carpeting;
    c. Failed to provide proper floor tile;
    d. Failed to provide anti-skid product;
    e. Failed to ensure a safe environment; and
    f. Failed to properly provide adequate warning signs to warn individuals of the dangerous condition.

18. As a direct and proximate result of the Defendant's failure in its duty to Plaintiff, she slipped and violently fell to the floor where she suffered personal injuries.

19. As a direct and proximate cause of Defendant's failure, Plaintiff has sustained economic and non-economic damages, serious personal injuries resulting in hospitalization, medical expenses, future medical expenses, severe pain and suffering and emotional and mental distress, and has suffered diminished quality of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests a jury trial and judgment as follows:

1. Against Defendant for compensatory damages, economic and non-economic damages, for medical care and expenses, and bodily injury in the amount to be proven at trial and in excess of $75,000.00;

2. Against Defendant for future economic and non-economic damages, such as pain and suffering and necessary and reasonable medical expenses, in the amount to be proven at trial and in excess of $75,000.00;

3. Against Defendant for costs and reasonable attorney fees; and

4. For such other and further relief to which she is entitled to receive at law and/or in equity even though not demanded for in any of the pleadings.

Respectfully submitted on September 24, 2019.

PACIFIC LEGAL TEAM, PC.

_____
MATTHEW J. HOLLEY
Attorney for Plaintiff