**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| ANGELINE SABLAN, | CIVIL CASE NO. 19-00138 |
| Plaintiff, | |
| vs. | ORDER |
| CORE TECH RESORT, LLC., doing business as BAYVIEW HOTEL AND OCEANVIEW HOTEL AND RESIDENCES, | |
| Defendant. | |

Before the court is Defendant Core Tech Resort, LLC's Motion for Summary Judgment, ECF No. 34. For the foregoing reasons, the court **DENIES** the Motion for Summary Judgment.

### I.    PROCEDURAL BACKGROUND

On September 24, 2019, Plaintiff Angeline Sablan initiated this action by filing a Complaint. Compl., ECF No. 1. Therein, she alleges a sole cause of action against Defendant, to wit, negligence. *Id*. at 3. Specifically, Plaintiff alleges that "she slipped and fell on a wet and slippery floor" within Defendant's lobby area of the hotel. *Id*. ¶ 7. On March 4, 2022, Defendant filed the instant motion for summary judgment. ECF No. 34.

### II.    FACTUAL BACKGROUND

1          The court only recites the operative facts necessary to reach its conclusion. It is

2    undisputed that on or about July 16, 2018, at approximately 4:00 a.m., Plaintiff was on her way

3    to check out of the Oceanview Hotel "when she slipped and fell on a wet and slippery floor at the

4    Defendant's lobby area." *See* Compl. ¶ 7, ECF No. 1; *see also* Def.'s Statement of Material Facts

5    ¶ 1, ECF No. 34-2; Pl.'s Statement of Material Facts ¶ 1, ECF No. 35-1.

6          However, it is disputed whether Plaintiff knew what she slipped on, whether she saw the

7    substance upon which she slipped, and whether she could identify the substance upon which she

8    slipped. *Compare* Def.'s Statement of Material Facts ¶¶ 2-4, ECF No. 34-2 *with* Pl.'s Statement

9    of Material Facts ¶¶ 2-4, ECF No. 35-1. Plaintiff "partially dispute[s]" this by stating that the

10    "[w]alkway was all wet from rain; shoes got wet; was pretty sure the lobby floor was wet; should

11    keep the floor dry; left floor slipped forward real fast." *Ibid*. Plaintiff supports this with

12    testimony that it had been "raining all night till morning" and that "it was raining hard so the

13    walkway was all wet." Opp'n at 7-8, ECF No. 35; *see also* Ex. 3 at 5:2-5, 8:3-4, ECF No. 35-4.

14    Conversely, Defendant points to deposition testimony wherein Plaintiff states that she was not

15    certain that the floor was wet, and that she could not identify the substance upon which she

16    slipped. Ex. 1 at 7:13-8:9, 9:23-10:7, ECF No. 34-3.

17    **III.    LEGAL STANDARDS**

18          A court sitting in diversity, such as this court, applies federal procedural law and Guam

19    substantive law. *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 426–28 (1996).

20          **a.  Federal Procedural Law - Summary Judgment**

21          "The court shall grant summary judgment if the movant shows that there is no genuine

22    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

23    Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing

24    substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual

dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A shifting burden of proof governs motions for summary judgment under Rule 56. *In re Oracle Corp. Securities Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). The party seeking summary judgment bears the initial burden of proving an absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Where, as here, the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its burden, the burden then shifts to the nonmoving party to set forth "specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250. "The mere existence of a scintilla of evidence . . . will be insufficient" and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 252; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

### b. Territorial Substantive Law - Negligence

"In a case for negligence, the establishment of tort liability requires the existence of a duty, the breach of such duty, causation, and damages." *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2, ¶ 9.

### IV. DISCUSSION

"[A] property owner must exercise reasonable care in the management of his property, in view of the probability of injury to others." *Id.* ¶ 28 "A property owner may be liable for injury caused by a harmful or dangerous condition on the property only where the property owner

caused the condition, or had actual or constructive knowledge of the existence of the condition and failed to exercise reasonable care to eliminate it." *Id.*

"A property owner's duty is found under Guam law, which provides: 'Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully brought the injury upon himself.'" *Id* ¶ 10 (citing 18 Guam Code Ann. § 90107). Guam's premises liability statute derives from California's premises liability statute. *Compare* 18 Guam Code Ann. § 90107 *with* Cal. Civ. Code § 1714(a). For this reason, "we look to California case law interpreting the standard of care owed by a store owner to its invitees." *Guerrero*, ¶ 11. Both Guam and California courts hold that the standard of care which must be provided by a premises owner is the "reasonable person" standard. *Id.* ¶ 12; *see also Carlson v. Ross*, 271 Cal. App. 2d 29 (Cal. Ct. App. 1969).

"In particular, and with respect to store owner liability for dangerous conditions such as a slippery substance found on the floor, '[i]t is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe.'" *Id.* ¶ 13 (citing *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (Cal. 2001)). "Ordinary, or reasonable care, is exercise by a store owner by making reasonable inspections of the portions of the premises open to patrons, and the care required is commensurate with the risks involved." *Id.* (quotations and citations omitted).

Thus, to establish liability, the property owner must have actual or constructive knowledge of a dangerous condition. *Id.* ¶ 14. "[A]ctual or constructive knowledge on the part of the premises owner 'is merely a means of applying the general rule stated above that the proprietor may be liable if he knew or by the exercise of reasonable care could have discovered the dangerous condition, and it does not alter the basic duty to use ordinary care under all the

circumstances." *Id.* ¶ 16 (citing *Bridgman v. Safeway Stores, Inc.*, 53 Cal.2d 443, 447 (Cal. 1960)). The proof of a slip and fall, by itself, does not establish a prima facie case of negligence. *Rothschild v. Fourth & Market St. Realty Co.*, 139 Cal. App. 625, 627 (Cal. Ct. App. 1934).

### There is a Genuine Dispute as to the Existence of a Dangerous Condition

There is a genuine dispute as to whether there was a dangerous condition within Defendant's lobby at the time that Plaintiff slipped and fell.

Plaintiff alleges that "she slipped and fell and on a wet and slippery floor at the Defendant's lobby area." Compl. ¶ 7, ECF No. 1. While Plaintiff does not explicitly allege the substance upon which she slipped, she further alleges that Defendant "[f]ailed to properly ensure that the floor had no *water* on it and was safe to walk upon." *Id.* ¶ 17(a) (emphasis added). Moreover, Plaintiff testified that it had been "raining all night till morning" and that "it was raining hard so the walkway was all wet." Opp'n at 7-8, ECF No. 35; *see also* Ex. 3 at 5:2-5, 8:3-4, ECF No. 35-4. In short, Plaintiff argues that the "logical inference from her testimony is that she slipped in the lobby as a result of the significant amount of rainwater flowing down the pathway that was tracked into the lobby." Opp'n at 7, ECF No .35

Conversely, Defendant points to evidence that Plaintiff had no knowledge of the substance upon which she slipped or that the floor was wet. Mot. at 7-11, ECF No. 34-1; Ex. 1 at 7:13-8:9, 9:23-10:7, ECF No. 34-3. As a result, Defendant argues that summary judgment should be granted in its favor because Plaintiff cannot establish an essential element of a prima facie claim for negligence, specifically, the existence of a dangerous condition at the time of her alleged slip and fall. Opp'n at 11, ECF No. 34-1.

"If a defendant establishes that one or more elements of a cause of action cannot be established or that there is a complete defense to that cause of action, the burden shifts to the

1  plaintiff to show that a triable issue exists as to one or more material facts." *Getchell v. Rogers*

2  *Jewelry*, 203 Cal. App. 4th 381, 385, (2012).

3        The court rejects Defendant's argument that Plaintiff cannot establish the existence of a

4  dangerous condition. Defendant argues that because Plaintiff did not know the type of substance

5  she slipped upon, there can be no dangerous condition. This argument fails for two reasons. First,

6  Plaintiff's lack of knowledge of the dangerous condition does not equate to the non-existence of

7  that dangerous condition. Indeed, if Plaintiff had knowledge of the dangerous condition, which in

8  this case is a slippery floor, it would be up to a jury to decide whether a reasonable person in her

9  shoes would have avoided that slippery section of the floor and walked around it, or would have

10  assumed the risk to cross it. Second, courts look to whether *defendants*, not plaintiffs, have actual

11  or constructive knowledge of a dangerous condition. *Guerrero v. McDonald's Int'l Prop. Co.*,

12  2006 Guam 2, ¶ 21. Thus, it is inapposite to argue that Plaintiff's lack of knowledge of the

13  dangerous condition warrants summary judgment in favor of Defendant. As such, Defendant

14  fails to prove that Plaintiff cannot establish one or more elements of a cause of action.

15        Moreover, the court finds that a genuine issue of material fact exists insofar as it concerns

16  the existence of said dangerous condition. Specifically, the parties dispute whether a dangerous

17  condition existed at the time that Plaintiff fell. Defendant uses evidence of Plaintiff's inability to

18  recall whether the floor was wet, and her inability to see or identify what she slipped upon, to

19  support its argument that a dangerous condition cannot exist. Mot. at 4, ECF No. 34-1.

20  Conversely, Plaintiff testified that she was "pretty sure the floor was wet." Ex. 1 at 7:21, ECF

21  No. 34-3. Plaintiff corroborated this with further testimony that it had been "raining all night till

22  morning" and that "it was raining hard so the walkway was all wet." Ex. 3 at 5:2-5, 8:3-4, ECF

23  No. 35-4. The manager on duty at the time of the slip and fall, Juliet Retuyan, stated that rain

24  could cause the entrance to get wet, but "not all the time" because it "depends on the wind." Ex.

2 at 10:6-8, ECF No. 35-3. The weather report for that day indicated that it was "partly sunny with isolated showers and thunderstorms [during the day, and during the] night [it was] mostly cloudy with scattered showers and isolated thunderstorms." Ex. 4 at 2, ECF No. 35-5.[1] In short, evidence presented by both parties indicates a genuine dispute as to whether a dangerous condition existed at the time of Plaintiff's fall.[2]

This dispute is material because it could affect the outcome of the suit under the governing substantive law. *See Liberty Lobby, Inc.*, 477 U.S. at 248. A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Here, a reasonable jury could return a verdict in favor of Plaintiff in finding that a dangerous condition, namely a wet and slippery floor, existed at the time of her slip and fall, despite Plaintiff not knowing whether the floor was wet, or whether she saw or identified the substance upon she slipped.

"A federal judge denies summary judgment if there are 'genuine issues of material fact' for trial, and the moving party is not 'entitled to judgment as a matter of law." *Roberts v. Sentry Life Ins.*, 76 Cal. App. 4th 375, 383 (1999). Therefore, the court **DENIES** Defendant's Motion for Summary Judgment, ECF No. 34.

## V.     CONCLUSION

The court **DENIES** Defendant's Motion for Summary Judgment, ECF No. 34. The parties are ordered to confer and file a revised scheduling and planning conference report no later

---

[1] "[A] court can take judicial notice of the weather report for a given day." *Holley v. Marriott Int'l, Inc.*, 2017 WL 11587088, at *5 n.3 (E.D.N.Y. Sept. 7, 2017)

[2] Plaintiff's expert report is inadmissible because it is neither signed nor sworn. *See, e.g., King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732, *1 (C.D. Cal. Mar. 10, 2009) ("unsworn expert reports are not admissible to support or oppose summary judgment and that to be competent summary judgment evidence, an expert report must be sworn to or otherwise verified, usually by a deposition or affidavit"); *Estate of Nunez v. Cty. of San Diego*, 2018 WL 5817091 (S.D. Cal. Nov. 3, 2018) (declining to consider expert reports that were not signed under penalty of perjury and were not accompanied by any separate sworn declaration from the experts).

than September 6, 2022, and meet with the Magistrate Judge for a scheduling conference on

September 13, 2022, at 9:30 a.m.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Aug 12, 2022**