# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANGELINE SABLAN,<br><br>Plaintiff,<br>vs.<br><br>CORE TECH RESORT, LLC, dba BAYVIEW HOTEL and OCEANVIEW HOTEL AND RESIDENCES,<br><br>Defendant. | CIVIL CASE NO. 19-00138<br><br>**ORDER OVERRULING AND DENYING DEFENDANT'S OBJECTION AND MOTION TO EXCLUDE PLAINTIFF'S EXHIBIT 5 AND 6** |

Before the court is Defendant's Objection and Motion to Exclude Plaintiff's Exhibit 5 and Exhibit 6 (ECF No. 75) ("Motion"). Defendant seeks to exclude Plaintiff's Exhibits 5 and 6. *See* Mot., ECF No. 75. Exhibit 5 is a series of nineteen photos, some of which are of the outdoor walkway leading into the lobby of the hotel. Exhibit 6 is a video of this area. The photos and video were taken long after July 16, 2018, the night of the alleged slip-and-fall, and during the daytime. The images in question show that the outdoor walkway has not been kept in good repair, with visible mildew growing on it. Defendant objects under Federal Rules of Evidence 401 and 403. *See* Mot., ECF No. 75. For the reasons stated herein, the Motion is DENIED.

   **a. Relevance**

Relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Photographs and videos may be admissible even if

taken a long time after the relevant date. *See Feather River Lumber Co. v. United States*, 30 F.2d 642, 644 (9th Cir. 1929) (upholding admission of two photographs and one "moving picture" taken three years after the event in question when "witnesses familiar with the premises" testified that the images "represented the scene practically the same"). Some differences in condition between the scene as it originally appeared and the scene as it appears in the photograph or video are permissible. *See id.*

> A picture may [] be inadmissible, although technically accurate, because it portrays a scene that is materially different from a scene that is relevant to one of the issues at trial. Before admitting a photograph into evidence, the trial court must find that the dangers of such . . . wrong emphasis are sufficiently remote so that the trier of fact may consider the photographs for the purposes offered. These are principally questions of authentication. Resolution of these matters determines the purposes, if any, for which the jury may consider photographs. If the preliminary showing of authenticity is weak, it may become necessary to instruct the jury that it may consider the photograph only for limited purposes.

*United States v. Stearns*, 550 F.2d 1167, 1170 (9th Cir. 1977) (internal citation omitted).

Plaintiff argues that the images in Exhibits 5 and 6 are relevant because they show how "the run-off water from the rain flows" in the walkway approaching the door. Opp'n at 2, ECF No. 88. One of the factual disputes in this case is whether the dangerous condition of a wet and slippery floor existed at the time of Plaintiff's alleged fall. The fact that the outdoor walkway, although roofed, gets wet when it rains, has a tendency to make the fact that Plaintiff had wet shoes when she entered the lobby more likely. Therefore, the court finds that Plaintiff's Exhibits 5 and 6 are relevant. Defendant may object at trial if Plaintiff fails to authenticate these Exhibits.

    **b. Confusion**

Even if evidence is relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . ." Fed. R. Evid. 403. Defendant argues that showing the jury images of the walkway will confuse the jury into thinking the alleged slip-and-fall occurred on the walkway. Because Plaintiff also intends to offer many photographs of

the lobby where the slip-and-fall *is* alleged to have occurred, the court finds that the jury is not likely to be confused on this point.

      **c. Prejudice**

Even if evidence is relevant and not confusing, it may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. "'Unfair prejudice,' within the meaning of the rule, occurs when the evidence has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (quoting Fed. R. Evid. 403 Advisory Committee's note). "It is evidence which 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'" *Id.* (quoting 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, para. 403[03], at 403-36 to 403-39 (1989 ed.)).

Defendant argues that the appearance of mildew in Exhibits 5 and 6 will lead the jury to unfairly "punish" Defendant for not keeping their building in good condition. *See* Mot., ECF No. 75. The court finds that the level of prejudice the sight of some mildew on an outdoor structure will evoke in a Guam jury does not rise to the level of *unfair* prejudice. *See United States v. Layton*, 855 F.2d 1388, 1402 (9th Cir. 1988) ("Rule 403 precludes only *unfair* prejudice.") (emphasis in original), *cert. denied*, 489 U.S. 1046 (1989). The court therefore DENIES the motion.

**SO ORDERED.**



    **/s/ Frances M. Tydingco-Gatewood**
         **Chief Judge**
    **Dated: Feb 10, 2023**