**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| ANGELINE SABLAN, | CIVIL CASE NO. 19-00138 |
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF-DESIGNATED EXPERT WITNESS ANTHONY STEARNS** |
| CORE TECH RESORT, LLC, dba BAYVIEW HOTEL and OCEANVIEW HOTEL AND RESIDENCES, | |
| Defendant. | |

Before the court is Defendant's Motion in Limine to Exclude Testimony of Plaintiff-Designated Expert Witness Anthony Stearns (ECF No. 57) ("Motion"). The court finds a hearing is unnecessary. For the reasons stated herein, the Motion is DENIED.

## I.    LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that a witness who is qualified as an expert may provide an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993), the Court created a flexible test examining the "reliability" and "fit" of the offered expert testimony. *See id.* at 589–92. The question of reliability pertains to "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* at 592–93. The Court identified four factors that may bear on the analysis: (1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community. *See id.* at 593–94. However, the Court emphasized that the factors are not "a definitive checklist or test" and that the reliability analysis should be tied to the facts of each case. *Id.* at 591 & 593; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

The factors are not "equally applicable (or applicable at all) in every case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995). Applicability "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co.*, 526 U.S. at 150 (citation omitted). The court has "broad latitude" in testing an expert's reliability. *Id.* at 152–53. The court may choose not to examine factors that are not "reasonable measures of reliability in a particular case." *Id.* at 153.

The proponent of expert testimony "has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702 advisory committee note—2000 amendment (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)).

## II.   ANALYSIS

Defendant seeks to preclude the testimony of Plaintiff's expert witness, Dr. Anthony Stearns. Defendant argues that much of Dr. Stearns's report consists of his stating symptoms and

medical history as reported by Plaintiff and is therefore not based on scientific methodology, and that he does not come to a conclusion regarding causation and is therefore unhelpful for the jury. *See* Mot., ECF No. 57.

It is true that in his report Dr. Stearns recounts at length what Plaintiff told him about her symptoms. However, interspersed in those restatements of Plaintiff's history are helpful opinions and observations only a doctor could provide. For example, the final page of Dr. Stearns's report states,

> While there is a historical note of left foot and ankle pain in the CHC medical record, possibly since 1994, there is no evidence presented that it had any significant impact on her well-being or physical abilities at the time of the slip and fall at the Bayview Hotel. . . . It is well known that non-fracture orthopedic injuries involving ligaments, tendons, other soft tissues and joints can prove more problematic in the healing process than actual bone fractures. . . . While there is always hope for continued improvement, it is more likely than not that many of Ms. Sablan' symptoms and the subsequent impact on her and her lifestyle, will, at least to a degree, be permanent. . . . I do believe, however, that Ms. Sablan could experience significant benefit from additional services and interventions. Podiatry and physical therapy in particular would likely be of benefit to Ms. Sablan, with the goals of decreasing overall pain, increasing flexibility and range of motion, and improving strength, stability and balance.

Ex. A, ECF No. 57. None of these statements are restating something Plaintiff told Dr. Stearns.

Even though Dr. Stearns relies in part on Plaintiff's recounting her own symptoms, the Federal Rules of Evidence permit doctors to present expert testimony based on a patient's statements. *See* Fed. R. Evid. 703 Advisory Committee Note—1972 ("Thus a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including *statements by patients* and relatives . . . . The physician makes life-and-death decisions in reliance upon them. His validation, expertly performed and subject to cross-examination, ought to suffice for judicial purposes.") (emphasis added).

Additionally, Dr. Stearns provided a Declaration that describes the reliable methods, aside from interviewing Plaintiff, that he used to form the basis of his opinions in his report. *See* Decl.,

ECF No. 86. Dr. Stearns describes doing a "physical examination, including a comprehensive examination of both of Ms. Sablan's feet and ankles." *Id.* ¶3. He specifically noted that the results of his physical exam showed a "marked sensitivity to touch and tenderness to palpation of the distal insertion of her left Achilles tendon" and "tenderness to palpation of the proximal origin of the plantar fascia." *Id.* ¶7. He also describes examining medical records. *Id.* ¶3. Dr. Stearns declares that "[t]his methodology has been generally accepted in the medical field as a reliable technique to be used in formulating medical expert opinions, and it has been tested and subjected to peer review."

To the extent that Dr. Stearns overly relied on Plaintiff's recounting her own symptoms, or provided an ambiguous opinion in his report, Defendant can cross-examine him on those subjects. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2001) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."). Because Dr. Stearns's declaration shows that he employed reliable methodologies in his examination of Plaintiff, the court DENIES the motion.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Feb 10, 2023**